UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENYALE DAVIS | CIVIL ACTION |
| VERSUS | NO. 11-712 |
| HOWARD PRINCE, WARDEN | SECTION "F" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff, Benyale Davis, is a convicted prisoner currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") at Angie, Louisiana. He filed the captioned petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. His petition was ultimately dismissed with prejudice in this court by judgment entered on November 23, 2011. Record Doc. No. 13.

Plaintiff subsequently filed a notice of appeal of the court's judgment. Record Doc. No. 15. He erroneously sent the notice of appeal to the Fifth Circuit, which stamped it received on January 18, 2012, and transmitted it to this court, where it was received on February 23, 2012 and entered February 28, 2012. Record Doc. No. 16.

Prior to consideration of the appeal on the merits, in evaluating its own jurisdiction, the United States Court of Appeals for the Fifth Circuit remanded the case to this court based upon the following findings and with the following instructions:

> In this habeas corpus case filed by a state prisoner, the district court entered a final judgment dismissing the petition on November 23, 2011. Therefore, the final day for filing a timely notice of appeal was December 23, 2011. The petitioner's pro se notice of appeal was dated December 12, 2011, and was filed on January 18, 2012.

> A prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing. See Fed. R. App. P. 4(c)(1). As it cannot be determined from the record in this case whether the petitioner delivered the notice of appeal to prison officials for mailing on or before December 23, 2011, the case must be remanded to the district court to make this determination. . . . Upon making this determination, the district court shall return the case to this court for further proceedings, or dismissal, as may be appropriate.

Record Doc. No. 17 (citation omitted).

Upon remand to this court, the district judge referred this matter to me to receive evidence and submit proposed findings of fact and recommendations concerning disposition of this issue pursuant to 28 U.S.C. § 636(b)(1)(B). Record Doc. No. 18. Pursuant to the referral order, I received the following evidence, both orally and in writing, as permitted by 28 U.S.C. § 2246.

## THE EVIDENTIARY RECORD

On July 10, 2012, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Andrew Pickett, counsel for defendants. After informal discussions concerning how to proceed, plaintiff was sworn and testified, defense counsel was provided an opportunity for cross-examination, the testimony and other discussion were recorded, and a transcript of the recording was made part of this court's record. Record Doc. Nos. 19, 21 and 24.

After being sworn, Davis confirmed that he is familiar with the appeal in the captioned habeas corpus proceeding, and that he prepared the notice of appeal himself

with the assistance of inmate counsel. Davis testified that after the notice of appeal was prepared, he signed it on December 12, 2011, and on that same date he "gave it to the Legal Program dude who [is] over the Legal Programs. He gave it to the guard on the unit – ." Asked to identify the "Legal Program dude," Davis testified that he did not know his name, but knew only that he "was an inmate counsel." Davis stated that he personally saw inmate counsel on December 12, 2011 deliver his notice of appeal to the prison guard on duty on the dorm for purposes of placing it in the prison mail system.

Davis testified that he has no receipt or other paperwork to support his testimony and stated that "a lot of my stuff was missing" when he was transferred in the interim from Elayn Hunt Correctional Center in St. Gabriel, Louisiana ("Hunt"), where he was incarcerated at the time he signed and mailed his notice of appeal, to the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana ("Rayburn"), where he is currently incarcerated. He reiterated that he was at Hunt – not Rayburn – when he signed and mailed the notice of appeal on December 12, 2011. Davis suggested that his inmate account expense statement from Hunt might show a withdrawal for the cost of postage necessary to mail the notice of appeal.

Thus, Davis's clear testimony is that he saw inmate counsel deliver his notice of appeal to a prison guard for its placement in the prison mailing system on December 12, 2011.

At the conclusion of Davis's testimony, after defense counsel declined an opportunity to conduct cross-examination, I inquired of defense counsel whether the relevant prison officials might have internal prison mail logs or prison account records concerning postage expenses for legal mail that might constitute additional relevant evidence. He stated that such records may exist, but he was not personally in possession of any such evidence. After both plaintiff and defense counsel confirmed that they had <u>no</u> additional evidence that they wanted to submit in connection with this issue, but agreed that I should order any additional documentary evidence that might be relevant from Hunt officials, I issued the following order:

> **IT IS ORDERED** that the Warden of Elayn Hunt Correctional Center must provide to me no later than **July 31, 2012**, with any record of plaintiff's inmate trust account transactions for **December 2011 and January 2012** and any other records reflecting the mailing of plaintiff's notice of appeal in the captioned case, including any record indicating the date plaintiff placed his appeal in the hands of prison officials for mailing.

Record Doc. No. 21 at p. 2.

In response to my order, Hunt officials submitted the following materials: (1) an unsworn letter from Hunt Deputy Warden Tim Hooper dated July 25, 2012, stating in pertinent part: "There is no documentation which indicates that Offender Benyale Davis . . . sent any 'Legal Mail' out of [Hunt] between . . . December 2011 and January 2012;" (2) a one-page copy of Davis's inmate account statement, together with a one-page copy of a Hunt "Offender Funds Withdrawal Request" form, both indicating that funds

were withdrawn by Davis to buy postage to mail objections to my prior report and recommendation in October 2011; (3) Davis's "Master Record," including his "transfer information" by and between three separate prison facilities; (4) an unsworn letter from Hunt Warden Howard Prince dated July 27, 2012, attaching verified copies of Davis's "inmate account transactions" for December 2011 to January 2012, and stating in pertinent part that, "We have also checked our legal mail logs and can find no record of him sending out any legal mail during that time period;" (5) verified copies of the inmate account transaction records themselves, including three notations of unspecified "canteen sale(s)" to Davis on December 1, 9 and 16, 2011, his incentive pay statements and records of deposits into the account. Record Doc. Nos. 22 and 25.

In addition, I asked deputy clerks of court in both this court and the Fifth Circuit if the clerks' offices had retained the envelope, presumably bearing the postmark, containing Davis's notice of appeal when it arrived at either court. The envelope could not be located at this time in the clerks' records in either court.

### **FINDINGS AND RECOMMENDATIONS**

The Fifth Circuit has recognized as a general matter that a "mailbox rule" applies to pleadings, including habeas corpus petitions, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S.

1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). This "mailbox rule" is incorporated in the Federal Rules of Appellate Procedure at Fed. R. App. 4(c)(1), which provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is <u>deposited in the institution's internal mail system</u> on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid (emphasis added).

As the record clearly indicates, Davis's notice of appeal was first received and actually filed by the clerk of the Fifth Circuit on January 18, 2012. Record Doc. No. 15. The notice of appeal bears the handwritten date December 12, 2011 above Davis's signature. The record contains no envelope that might have revealed a postmark. Almost one month later, because Davis had erroneously sent the notice to the Fifth Circuit, that court's clerk's office transmitted it to the clerk of this court by letter dated February 16, 2012. Record Doc. No. 15-1. It was entered on this court's docket on February 28, 2012.

Applying the foregoing legal standards embodied in the "mailbox rule," the material factual issue to be determined on remand is the date on which Davis deposited his notice of appeal in Hunt's internal mail system. For the following reasons, I find that Davis's notice of appeal was timely filed under the mailbox rule on December 12, 2011, and that the United States Court of Appeals may properly exercise jurisdiction over his

appeal, because he deposited the subject notice of appeal in the internal mail system at Hunt by having inmate counsel hand deliver it to a prison guard for that purpose, eleven (11) days <u>before</u> the December 23, 2011 deadline for filing established in the Fifth Circuit's remand order.

Davis's testimony concerning his mailing of the notice of appeal was entirely credible. His testimony was a sensible description of how mail is prepared and transmitted in the ordinary course of his prison experience. He credibly testified that the December 12, 2011 date appears on his notice of appeal because that was the date he prepared, with the assistance of inmate counsel, and signed it. He credibly testified that he watched it being delivered by hand by his inmate counsel to a guard on duty for placement in the prison mail. Davis's first-hand testimony outweighs anything submitted by Hunt officials, and I have no reason not to credit it.

The submissions of the defendant warden and his deputy have no effect on the credibility of plaintiff's testimony or the findings made above. The two letters are not an affidavit or testimony. More importantly, even if they were verified, they fail to persuade that plaintiff deposited the subject mail in the prison's internal mail system on some date other than December 12, 2011, as plaintiff's credible testimony establishes. Both letters state that there are no prison records documenting that Davis sent any "legal mail" in December 2011 or January 2012, the relevant time period. The attached documents similarly contain nothing that confirms Davis's testimony in this regard. Nevertheless,

it is clear from the record of both this court and the Fifth Circuit that Davis must have placed his notice of appeal in the prison mail system during that time since the notice of appeal was received and bears the "received" stamp of the Fifth Circuit dated January 18, 2012. Thus, the inference in the statements in these letters – that Davis did not mail the notice of appeal in December 2011 or January 2012 – cannot reasonably be drawn.

The fact that no documentation supports plaintiff's sworn testimony is not dispositive. The "mailbox rule" has been adopted precisely because prisoners who submit materials to courts pro se have no control over the workings of the institution's internal mail system after they give their mail to a responsible official – such as a guard on duty – in that system. Davis acted reasonably. Defendants do not argue and present no evidence that Davis failed to do what was required of him by Hunt's mail procedures when he had inmate counsel give his notice of appeal to a guard for placement in the internal mail system before the court's appeal deadline. I find that his notice of appeal was effectively filed under the mailbox rule on December 12, 2011, the date on which he signed it and saw it delivered by hand to a guard for placement in Hunt's internal mail system for forwarding to court.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that this court find that plaintiff deposited his notice of appeal in this case in the appropriate internal prison mail

system on December 12, 2011, and that under the applicable "mailbox rule" and Fed. R. App. 4(c)(1), his notice of appeal was timely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of August, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE